UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
_____

BERNARD J. GIANGIULIO, JR.,

        Plaintiff,

   -against-                                No.: 02-CV-3844

HD BROUS & CO., INC. and MICHAEL VIGILANTE,

        Defendants.
_____

## HD BROUS & CO., INC.'S MOTION TO DISMISS AND TO COMPEL ARBITRATION

     Defendant, HD BROUS & CO., INC. ("Brous"), through its counsel, Lazare Potter Giacovas & Kranjac LLP, and its Associate Counsel, Rosenn, Jenkins & Greenwald, L.L.P., hereby moves this Honorable Court for an Order dismissing the Complaint filed by Plaintiff, BERNARD J. GIANGIULIO, JR. ("Plaintiff" or "Giangiulio"), and directing Giangiulio to submit his claims to arbitration in the manner provided for in the parties' agreement and, in support thereof, submits the following:

     1.    Plaintiff commenced this action by filing a Complaint against Brous and Defendant, Michel Vigilante, formerly one of Brous' registered representatives.

2. The Complaint alleges causes of action pursuant to Section 10b of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated by the Securities Exchange Commission, as well as alleged causes of action for breach of fiduciary duty, negligent misrepresentation and conversion.

3. All of Plaintiff's alleged causes of action arise from the alleged mismanagement of the investment account Plaintiff opened with Brous in or about April, 1999.

4. In connection with the opening of the account, Giangiulio completed and signed, among other things, a Premiere Select Traditional IRA/Rollover IRA/Roth IRA Application ("Premiere Select Application"), an incomplete copy of which is attached as Exhibit "C" to Plaintiff's Complaint.

5. A copy of the entire Premiere Select Application is attached as Exhibit A to the Affidavit of Keith Petzhold, which is attached as Exhibit 1 to this Motion and incorporated by reference as though fully set forth at length.

6. On Page 5 of the Premiere Select Application, directly above Plaintiff's signature, the following words appear in bold, capital letters:

> **"THIS ACCOUNT IS GOVERNED BY A PRE-DISPUTE ARBITRATION AGREEMENT WHICH APPEARS ON PAGE 7."**

7. However, Page 7, containing the arbitration agreement, was omitted from Plaintiff's Exhibit "C."

8. The true and complete copy of the Premiere Select Application provides on Page 7, in pertinent part, as follows:

> I agree that all controversies that may arise between us concerning any order or transaction, or the continuation, performance or breach of this or any other agreement between us, whether entered into before, on, or after the date this account is opened, shall be determined by arbitration before a panel of independent arbitrators set up by either the New York Stock Exchange, Inc. or National Association of Securities Dealers, Inc., as I may designate. (emphasis added).

9. The causes of action alleged in Plaintiff's Complaint clearly fall within the arbitration agreement between the parties and, therefore, Defendant, Brous, is entitled to an Order dismissing the Complaint and directing Plaintiff to submit his claims to arbitration in the manner provided for in the parties' agreement, pursuant to the Federal Arbitration Act, 9 U.S.C. §4.

10. The requirement that Plaintiff's claims be determined by arbitration appeared clearly and unambiguously in the Premiere Select Application, and notice of the arbitration requirement appeared directly above Plaintiff's signature on the Application, in bold, capital letters.

11. Accordingly, Plaintiff's filing of this action before this Honorable Court was not the result of good faith error or mistaken belief and, therefore, Brous is entitled to the award of reasonable attorney's fees and costs incurred in connection with the filing of this Motion to Dismiss and to Compel Arbitration.

WHEREFORE, Defendant, HD BROUS & CO., INC., respectfully requests that this Honorable Court compel Plaintiff to submit all of his claims to arbitration, dismiss this action with prejudice, award Brous reasonable attorney's fees and costs, and grant such other relief as the Court deems just and appropriate.

        LAZARE POTTER GIACOVAS & KRANJAC LLP
By:    Robert A. Giacovas (RG – 8375)
        Attorney for Defendant
        HD BROUS & CO., INC.
        950 Third Avenue
        New York, New York 10022
        (212) 758-9300

ROSENN, JENKINS & GREENWALD, L.L.P.

DATE: September 3, 2002    By:_____
        ROBERT N. GAWLAS, JR., ESQUIRE
        Attorney I.D. No. 46608
        JAMES C. OSCHAL, ESQUIRE
        Attorney I.D. No. 53846
        15 South Franklin Street
        Wilkes-Barre, PA 18711
        (570) 826-5600
        Associate Counsel for Defendant,
        HD BROUS & CO., INC.